GOTHARD, Judge.
This is an appeal by plaintiff, Radiofone, Inc. (Radiofone), of a trial court judgment *97 denying its request for a preliminary injunction and dissolving a previously obtained temporary restraining order. We affirm.
On October 21, 1992, Radiofone filed a petition for injunction and temporary restraining order seeking to restrain Mobile-One Auto Sound, Inc. (Mobile-One) from using the word “power” and the mark “power paging” in its advertising, and from making false statements concerning the number of Radiofone’s transmitting towers. The court issued a temporary restraining order as prayed for and the matter was set for a hearing on the preliminary injunction. After that hearing, the trial court refused to issue the preliminary injunction and dissolved the temporary restraining order. This appeal followed.
The trial court found that Mobile One had made improper references to Radiofone’s “lonesome single tower” but refused to issue a preliminary injunction with regard to this matter because the court was satisfied that Mobile One acted in good faith to change the advertising after the issuance of the temporary restraining order. That portion of the trial court judgment is not challenged on appeal and will not be addressed in this opinion.
The court further ruled that the term “power pager” was not distinctive and had not acquired a secondary meaning which would warrant the issuance of a preliminary injunction. Also, the court held that the word “power” is unsusceptible of marking because it is a generic descriptive adjective. It is this portion of the ruling to which Radiofone assigns error.
The facts presented at trial through documentary and testimonial evidence show that Mobile One decided to go into the pager business in the last quarter of 1991. They identified Radiofone as the dominant player in that market and directed their advertising and marketing accordingly. The officials of Mobile One concluded that the best way to compete with Radiofone was by direct, head-on competition. They assert that they received information that Radiofone had only one transmission tower in the city for use with its paging system. They began advertising their “power page” system by directly comparing it to Radiofone’s Metro 2000 system. Radiofone filed this action in response to the advertising and subsequently registered the mark, power paging, with the secretary of state.
The threshold question is whether the mark “power pager” is subject to protection under Louisiana law. In such matters our Louisiana courts have looked to federal jurisprudence, which divides trade marks into four categories: 1) generic; 2) descriptive; 3) suggestive; and 4) arbitrary or fanciful. Zatarain’s Inc. v. Oak Grove Smokehouse, Inc., 698 F.2d 786, 790 (5th Cir.1983); Merit Indus. Constr. v. JE Merit Constr., 563 So.2d 1008 (La.App. 1 Cir.1990). A generic term is the name of a particular genus or class of which an individual article or service is but a member. A descriptive term identifies a characteristic or quality of an article or service and, though ordinarily not protectable, may become a valid trade name if it acquires a secondary meaning. Vision Ctr. v. Opticks, Inc., 596 F.2d 111, 115 (5th Cir.1979); cert den. 444 U.S. 1016, 100 S.Ct. 668, 62 L.Ed.2d 646 (1980); Merit Indus. Constr. v. JE Merit Constr., supra.
On appeal, Radiofone argues the trial court erroneously assumed that a showing of secondary meaning was necessary to maintain exclusive protection of the term “power” and the mark “power paging”. Radiofone asserts that those marks are entitled to protection pursuant to LSA-R.S. 51:212(5) which states in pertinent part as follows:
The secretary of state may accept as evidence that the mark has become distinctive, as applied to the applicant’s goods or services, proof of continuous use thereof as a mark by the applicant in this state or elsewhere for the five years next preceding the date of the filing of the application for registration.
Radiofone argues that it has used the mark since 1986, and is therefore entitled to a statutory determination of distinctiveness relieving it of the burden of showing a secondary meaning. That argument is not convincing. Evidence introduced at trial belies Radiofone’s claim. In the certificate of registration of the mark from the secretary of *98 state, it states that the mark was first used by Radiofone on August 1, 1991. That date was taken from plaintiffs sworn statement filed with the application for recordation of the mark. That information is consistent with testimonial evidence offered at trial which shows that, while Radiofone has used the concept of power in their advertising since 1986, the only period in which the term “power paging” was actually used ran from September of 1991 to April of 1992 in connection with the advertising of the company's Metro 2000 pager.
Alternatively, Radiofone argues that the mark is distinctive rather than descriptive. We disagree. The term “pager” is generic. It explains the service. The term “power” is clearly descriptive. It expresses a desirable characteristic of a paging system. Whenever a word or phrase naturally directs attention to the qualities, characteristics, effect, or purpose of the product or service, it is descriptive and cannot be claimed as an exclusive trade name. Vision Ctr. v. Opticks, Inc., supra, at 116. Accordingly, we find the trial court was correct in classifying the mark as descriptive and in requiring a showing that the mark had acquired a secondary meaning.
To prevail in a showing that the mark has acquired a secondary meaning, Ra-diofone must show that a substantial segment of the consuming public associates the mark with the product. See Coach Leatherware Co., v. Ann Taylor, Inc., 933 F.2d 162 (2nd Cir.1991). The plaintiff must show that the primary significance of the term in the minds of the consuming public is not the product but the producer. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 118, 59 S.Ct. 109, 113, 83 L.Ed. 73 (1938); Vision Ctr. v. Opticks, Inc., supra. Proof of secondary meaning entails vigorous evidentiary requirements. The attitude of the consumer toward the mark is the chief inquiry. The court must decide if the mark denotes a “single thing coming from a single source” to the consumer. Short of a survey, this is difficult to prove. Coca-Cola Co. v. Koke Co., 254 U.S. 143, 146, 41 S.Ct. 113, 65 L.Ed. 189 (1920); Aloe Creme Laboratories, Inc. v. Milsan, Inc., 423 F.2d 845, 849 (5th Cir.1970).
The only evidence presented at the hearing in this regard was the testimony of three individuals. James Littlomisky, a long time customer of Radiofone, testified that he associated the terms “power” and “power paging” with Radiofone and was surprised to hear the Mobile One advertising campaign for the power pager. He said he discussed the ads with Maryann, an employee of Radio-fone. He said he assumed that Radiofone had purchased Mobile One.
Hollis Young, an acquaintance of Robert Alford, who does the advertising for Radio-fone, testified that he was confused when he heard the Mobile One ads because he knew that “the word power did not fit, that’s Robert’s word”. Dana Lad Rhoder, who owns an advertising agency, testified that he also knew Robert Alford and was familiar with the campaign that Mr. Alford did for Radio-fone'. He stated that he recognized the term “power pager” and thought the commercial was a “knock-off’. Mr. Rhoder explained that the term “knock-off’ is used in the advertising business to describe the theft of an advertising concept or slogan.
We agree with Mobile One’s argument that the testimony of these three individuals is insufficient to prove that the term “power paging” has developed a secondary meaning in the minds of a significant number of consumers.
Even assuming Radiofone met its burden of proof that the mark had acquired a secondary meaning, a further burden must be met before injunctive relief can be obtained. In a deviation from the federal jurisprudence, our Supreme Court has added an additional requirement: “In this state it is a prerequisite to injunctive relief that fraud be established on the part of the defendant and the burden of establishing that fraud is upon the plaintiff.” Straus Frank Co. v. Brown, 169 So.2d 77, 80 (La.1964). While this requirement is not in keeping with federal jurisprudence, it is the law in Louisiana and must be considered in this case. The courts are reluctant to presume fraud. Straus Frank Co. v. Brown, supra. In the instant *99 case there is no showing of fraud sufficient to satisfy this prerequisite. The evidence proves that Mobile One conducted a competí-tive, but not fraudulent, advertising campaign.
The decision to grant or deny a preliminary injunction is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of that discretion. Hobbs v. Gorman, 595 So.2d 1264 (La.App. 4 Cir.1992). For the foregoing reasons, we find no such abuse in the decision to deny the preliminary injunction as to the use of the mark “power pager”.
The judgment of the trial court is affirmed and the matter remanded for further proceedings. All costs of this appeal are assigned to appellant.

AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.