665 So.2d 56 (1995)
SEAFOOD RESTAURANT SERVICES, INC.
v.
Yvette BONANNO and Professional Seafood Management, Inc., d/b/a Bonanno's Drusilla Seafood and Pasta Restaurant.
No. 95 CA 0058.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*57 Gerald Walter, Jr., Baton Rouge, for Plaintiff-Appellee Seafood Restaurant Services, Inc.
E. Wade Shows, Baton Rouge, for Defendants-Appellants Yvette Bonanno and Professional Seafood Management, Inc.
Before CARTER and PITCHER, JJ. and CRAIN, J. Pro Tem.[1]
PITCHER, Judge.
Defendants, Yvette Bonanno and Professional Seafood Management, Inc., appeal from a judgment of the trial court issuing a preliminary injunction preventing defendants from use of the term "Drusilla" within the State of Louisiana in connection with any restaurant. We affirm.

FACTS AND PROCEDURAL HISTORY
In 1979, Gary Bonanno formed a corporation named "Drusilla Seafood, Inc.", and opened a seafood market named "Drusilla Seafood Market". In 1983, Gary and Edna Bonanno formed a corporation named "Drusilla Seafood Restaurant, Inc.", and opened a restaurant. The restaurant and the seafood market are situated side by side in the Drusilla Shopping Center, located at the intersection of Jefferson Highway and Drusilla, in Baton Rouge, Louisiana. The restaurant is known as "Drusilla Seafood Restaurant".
In 1990, Drusilla Seafood Restaurant, Inc., the corporation which owned the restaurant, suffered financial difficulties and filed for *58 bankruptcy under Chapter 11[2]. Subsequently, Seafood Restaurant Services, Inc. (plaintiff) purchased the assets of the bankrupt corporation. Included in these assets were the following:
... all existing and future business good will of the Seller in the business activities known as Drusilla Seafood Restaurant of Baton Rouge, Drusilla Place Catering, and Drusilla Seafood Processing and Packing,... and all other intangible rights of Seller, including the right to use the name `Drusilla Seafood Restaurant,' `Drusilla Seafood Catering', `Drusilla Seafood Market', `Drusilla Seafood Processing and Packing', and the like.
The seafood market was not affected by these proceedings.
The Bonanno family, including Gary, his wife, Edna, and their daughter Yvette, were employed at the restaurant as managers until January of 1994, when they were terminated. Shortly thereafter, the Bonannos began planning to open another restaurant located on Airline Highway in Baton Rouge. Beginning in April of 1994, the new restaurant began to advertise under the name "Bonanno's Drusilla Seafood and Pasta Restaurant".
Plaintiff filed suit against defendants seeking to enjoin defendants from using the name "Drusilla" in connection with any restaurant establishment. After this action was filed, the parties consented to the issuance of a temporary restraining order, and this matter was set for hearing on June 13, 1994. The trial court subsequently ruled that "Drusilla" was a trade name in which plaintiff has a protectable interest and granted plaintiff's request for a preliminary injunction.
Defendants now appeal, alleging the following assignments of error for our review:
1.
Whether the Trial Court erred in denying defendant Yvette Bonanno's exception of no cause of action?
2.
Whether the Trial Court erred in its issuance of a preliminary injunction against the defendants?

ASSIGNMENT OF ERROR NUMBER ONE
Defendant, Yvette Bonanno, contends that plaintiff made numerous allegations against the corporate defendant, Professional Seafood Management, Inc., relating to the operation of the business establishment. Defendant, Yvette Bonanno, contends that plaintiff failed to make any allegations against her, in her individual capacity, and only addressed her actions taken on behalf of the corporate defendant, as either its president or agent.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. LSA-C.C.P. art. 927; Roberts v. Sewerage and Water Board of New Orleans, 92-2048 (La. 3/21/94), p. 1; 634 So.2d 341, 342-343. The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Roberts v. Sewerage and Water Board of New Orleans, 634 So.2d at 343.
Plaintiff's petition names Yvette Bonanno as a defendant, along with Professional Seafood Management, Inc. The petition further alleges as follows:
Defendant, Yvette Bonanno, has applied for a liquor license with the East Baton Rouge Alcohol and Beverage Control Board and represented on the application that she is the President and Secretary-Treasurer of the defendant, Professional Seafood Management, Inc. and that she was its sole shareholder.
*59 Plaintiff sought to enjoin defendants from using the name "Drusilla" in connection with any restaurant establishment. The petition alleged that defendants had intentionally and fraudulently utilized the trade name, "Drusilla", in connection with a restaurant business located at 10270 Airline Highway. The petition also claimed that the utilization of this trade name by defendants was an attempt to misrepresent and confuse and would result in confusion of the consuming public.
Defendant, Yvette Bonanno, argues that all actions alleged against her in the petition are actions expressly performed on behalf of the corporation. We agree that this may be the case; however, the mere fact that Yvette Bonnano is a corporate officer does not alone preclude a cause of action for the issuance of a preliminary injunction against her.[3] Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Through this Assignment of Error, defendants allege that the trial court erred in issuing a preliminary injunction.
In a trade name infringement action, the primary issues are whether the plaintiff has a protectable property right in the name it seeks to exclude others from using, and assuming that there is such a protectable property right, whether there has been an infringement of that right. Merit Industrial Constructors, Inc. v. JE Merit Constructors, Inc., 563 So.2d 1008, 1009 (La.App. 1st Cir.1990).
In determining whether one has a protectable trade name, actual use of a mark or name, or, in other words priority of appropriation, gives rise to a protectable proprietary interest in the mark or name. New Orleans Checker Cabs, Inc. v. Mumphrey, 205 La. 1083, 18 So.2d 629 (1944). In this case, "Drusilla Seafood Restaurant" has been continually used as the name of the establishment located in Drusilla Shopping Center since its inception in 1983. Additionally, plaintiff registered the trade names, "Drusilla Seafood Restaurant" and "Drusilla Restaurant" in January of 1994.[4]
Use alone, however, does not create a protectable proprietary interest; the trademark or trade name must be distinctive, either by being inherently distinctive or by having acquired distinctiveness through secondary meaning. In determining the distinctiveness of a trademark or trade name, Louisiana courts and federal courts have generally divided trademarks and trade names into four categories: (1) generic; (2) descriptive; (3) suggestive; and (4) arbitrary or fanciful.
A generic term is the name of a particular genus or class of which an individual article, service or business is but a member. Generic terms are considered to be in the public domain and are not susceptible to appropriation for exclusive use and thus are not given trademark or trade name protection. A descriptive term identifies a characteristic or quality of an article, service or business. Though ordinarily not protectable, a descriptive name may become a valid, protectable trade name if it acquires a secondary meaning. Included in the category of descriptive terms which must have secondary meaning in order to be afforded protection as a trade name are geographic terms. A suggestive term suggests, rather than describes, a characteristic of the goods, services or business and requires an effort of the imagination by the consumer in order to draw a conclusion as to the nature of the goods, services or business. Suggestive marks or names need not acquire secondary meaning to be protected. Arbitrary or fanciful terms bear no relationship to the product, service or business to which it applies. Arbitrary *60 and fanciful marks or names, like suggestive ones, are considered inherently distinctive and are accorded protection without having to prove secondary meaning. (Citations omitted).
Gulf Coast Bank v. Gulf Coast Bank & Trust Company, 94-2203, p. 10-12 (La. 4/10/95); 652 So.2d 1306, 1313-1314.
Plaintiff sought to prevent the use of the trade name "Drusilla" when used in connection with the restaurant business. The term "Drusilla" is geographic in that it reflects the street on which the restaurant is located (Drusilla Lane). Also, the word "restaurant" denotes the type of business and thus, is a generic term. When considered as a whole, the trade name in question is not inherently distinctive, and secondary meaning must be established.
The concept of "secondary meaning" recognizes that words with an ordinary or primary meaning of their own, may, by long use with a particular product, service or business, come to be known by the public as specifically designating that particular product, service or business, and thereby rise to the level of a fully protected trade name. Gulf Coast Bank v. Gulf Coast Bank & Trust Company, 652 So.2d at 1314. The burden of proving secondary meaning is on the plaintiff. Whether a trademark or trade name has acquired secondary meaning is a factual issue. Proof of secondary meaning may consist of, among other things, direct evidence such as testimony from individual consumers, surveys, proof of actual instances of confusion, or indirect evidence such as the volume of business done under the name, the length of time the designation has been in use, advertising and promotional efforts, and the conspicuousness of the designation. Gulf Coast Bank v. Gulf Coast Bank & Trust Company, 652 So.2d at 1314.
The evidence reveals that Drusilla Seafood Restaurant had been in operation since 1983. There was testimony presented which established that the restaurant grosses approximately $3,000,000.00 per year. The catering facility, which is adjacent to the restaurant, grossed approximately $850,000.00 in 1993.
Additionally, it was estimated that approximately 250,000 people visit the restaurant each year. The restaurant presently spends approximately $11,000.00 per month on advertising.
Plaintiff also presented evidence from two consumers who, having seen the advertisements for the new restaurant, mistakenly believed that Drusilla Seafood Restaurant was opening up another restaurant. The record before us clearly supports a finding that the use of "Drusilla" had acquired a secondary meaning.
Because it has been established that plaintiff has a protectable proprietary right in the name, this court must now determine if there has been an infringement. In Gulf Coast Bank v. Gulf Coast Bank & Trust Company, 652 So.2d at 1319-1320, the Louisiana Supreme Court held that where one relies on secondary meaning to establish the distinctiveness of its name, in order to enjoin another's use of a similar name, fraud need not be proven, but rather there need only be a likelihood of consumer confusion.[5]
Actual confusion is patently the best evidence of likelihood of confusion, and a showing of actual confusion probably requires a finding of likelihood of confusion even in the absence of other proof. Falcon Rice Mill, Inc. v. Community Rice Mill, Inc., 725 F.2d 336, 345 (5th Cir.1984). Other factors which may be relevant include, but are not limited to, similarity of products, identity of retail outlets and purchasers, identity of advertising media, strength or distinctiveness of the mark or name, defendant's intent[6], and similarity of design. Falcon Rice Mill, Inc. v. Community Rice Mill, Inc., 725 F.2d at 345; Gulf Coast Bank v. *61 Gulf Coast Bank & Trust Company, 652 So.2d at 1320.
The two establishments in question are similar in that they both are seafood restaurants. As such, the similarity of their products and their customers is self-evident. More importantly, there was testimony presented which showed actual confusion on the part of consumers. The presence of these factors clearly supports a finding that there was a likelihood of consumer confusion.
The decision to grant or deny a preliminary injunction is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of that discretion. Radiofone, Inc. v. Mobile-One Sound, Inc., 628 So.2d 95, 99 (La.App. 5th Cir. 1993). We find no such abuse in the decision to grant the preliminary injunction. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by defendants, Yvette Bonanno and Professional Seafood Management, Inc.
AFFIRMED.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Case No. 90-01107, United States Bankruptcy Court for the Middle District of Louisiana.
[3] We note that the temporary restraining order issued by the court, with the agreement of all parties, prohibited the defendant, Professional Seafood Management, Inc. or "... any person, firm, corporation, agent, officer or director acting for or on behalf of Professional Seafood Management, Inc. from using the name "Drusilla" in connection with a restaurant business."
[4] Registry of a trade name with the state confers only procedural advantages and not substantive rights. Matherne v. Response Instrument Service & Engineering Corp., 533 So.2d 1011, 1017 (La. App. 1st Cir.1988), writ denied, 537 So.2d 1166 (La.1989).
[5] In reaching this conclusion, the Louisiana Supreme Court expressly overruled Straus Frank Company v. Brown, 246 La. 999, 169 So.2d 77 (1964).
[6] A factor sometimes applicable under the defendant's intent is whether there were any previous contractual or business relations between the parties. See Falcon Rice Mill, Inc. v. Community Rice Mill, Inc., 725 F.2d at 345, n. 9.