liLANDRIEU, Judge.
The Alliance for Good Government[1] ap- . peals the trial court’s denial of its Petition for Permanent Injunction which sought to enjoin defendant, St. Bernard Alliance for Good Government, Inc., from using the name “Alliance for Good Government.” We reverse.
The Alliance for Good Government (AGG) filed a petition for a temporary restraining order and a rule for preliminary injunction against the St. Bernard Alliance for Good Government, Inc. (St. Bernard AGG), alleging that, since 1967, AGG has been an organization of concerned citizens which holds forums to endorse candidates and then advertises and campaigns for endorsed candidates. AGG also alleged that, since 1979, it has used a logo consisting of a blue eagle with stretched wings bearing the words, “Alliance for Good Government”, which it registered with the Secretary of State’s office on March 24, 1995.
RThe petition stated that in March 1987, AGG established a chapter in St. Bernard parish and has endorsed and campaigned for candidates running for office in St. Bernard parish since then. AGG asserted that on March 10, 1995, former members of its organization incorporated the defendant corporation, St. Bernard AGG, registering their corporation with the Secretary of State.
AGG claims to have exclusive use of its name and emblem pursuant to La.Rev.Stat. Ann. § 12:204(E) (West 1994), and claims that it suffers and would continue to suffer immediate and irreparable injury because St. Bernard AGG’s use of its name and logo confuses the public.
The trial judge denied AGG’s request for a temporary restraining order, and, after a hearing, orally refused to issue a preliminary injunction. After trial on AGG’s request for a permanent injunction shortly afterwards, the trial judge rendered judgment, denying AGG’s petition to enjoin St. Bernard AGG from using the corporate name, “Alliance for Good Government, Inc.” and granting AGG’s petition to enjoin St. Bernard AGG from using the emblem and/or logo consisting of a blue eagle with stretched wings bearing the words, “Alliance for Good Government, Inc.” AGG appeals the judgment, arguing that the trial judge abused his discretion in refusing to enjoin St. Bernard AGG from using the corporate name “Alliance for Good Government.”
Under Louisiana jurisprudence, the registration of a trade name confers only procedural advantages; substantive rights of ownership are acquired through use. W.V., Inc. v. Covington Management Corp., 529 So.2d 133 (La.App. 4 Cir.1988). Hence, although St. Bernard AGG correctly states that it is La.Rev.Stat. § 12:204 rather than La.Rev.Stat. Ann. § 12:23 (West 1994), which is relevant in this case because two non-profit corporations are involved, La.Rev.Stat. § 12:204 does not resolve the issue in this appeal.
La.Rev.Stat. § 12:204 B provides in part:
*85 |3The corporate name shall be distinguishable from a name reserved pursuant to R.S. 12:23(G) and shall be distinguishable from the name of any other corporation or trade name registered with the secretary of state .... (emphasis added)
Further, La.Rev.Stat. § 12:204 C provides:
Nothing in this Section shall abrogate or limit the law as to unfair competition or unfair practices, nor derogate from the principles of law or the statutes of this state or of the United States, with respect to the right to acquire and to protect trade names.
Therefore, the statutory/procedural rule relating to corporate names for nonprofit corporations, i.e. that they be distinguishable from other corporate names, is more relaxed than “for profit” corporations, i.e. that they shall not be the same as, nor deceptively similar to, the name of any other corporation. However, with regard to substantive law on corporate names, the jurisprudence provides no reason, nor can we derive sound reasoning for, distinguishing between “for profit” and non-profit corporations.
Indeed, in Gulf Coast Bank v. Gulf Coast Bank & Trust Co., 94-2203 (La.4/10/95), 652 So.2d 1306, the supreme court concluded that the substantive protection of trade names was not within the “Trade Marks and Trade Names” statutory scheme. Chinchuba Inst, v. St. Tammany Parish Bd., 95-0419 (La.App. 1 Cir. 11/9/95), 664 So.2d 1230. Thus, the court in Chinchuba, dismissed the argument that a public school infringes on the use of a registered trade name only if it uses the name for a commercial purpose, concluding that Chinchuba Institute, a private school for the deaf, was a “person” within the definition of “trade name” of La.Rev.Stat. Ann. § 51:211(D) (West 1987) who was entitled to seek injunctive relief to preclude the subsequent use by the school board of the name “Chinchuba” for one of its public schools.
La.Rev.Stat. § 51:211(D) states:
The term “trade name” means a word, name, symbol, device or any combination thereof used by a person to identify his business, ^vocation or occupation and distinguish it from the business, vocation or occupation of others.
“Alliance for Good Government” easily falls under the definition of “trade name,” and clearly AGG as a “person” within this definition is entitled to seek injunctive relief regardless whether the parties are “for profit” or non-profit or whether the name is used for commercial purposes or not.
The legislature intended there to be a cause of action for infringement of trade names and remedies under the jurispruden-tially developing law relating to trade names as part of the law of unfair competition. Gulf Coast Bank, 652 So.2d at 1312. In a trade name infringement action, the primary issues are whether the plaintiff has a protected property right in the name it seeks to exclude others from using, and assuming that there is such a protected property right, whether there has been an infringement of that right. Seafood Restaurant Services, Inc. v. Bonanno,. 95-0058 (La.App. 1 Cir. 11/9/95), 665 So.2d 56, 59.
Use alone does not create a protected proprietary interest; the trademark or trade name must be distinctive either by being inherently distinctive or by having acquired distinctiveness through secondary meaning. Gulf Coast Bank, 652 So.2d at 1313-1314. To determine distinctiveness, courts have divided trademarks and trade names into categories: (1) generic, (2) descriptive, (3) suggestive, and (4) arbitrary or fanciful. Id. While generic terms are “in the public domain,” not susceptible to appropriation for exclusive use, and not given trademark or trade name protection, arbitrary and fanciful marks or names, like suggestive ones, are inherently distinctive and are accorded protection without having to prove secondary meaning. Id.
In this case, AGG wants to prevent the use of the trade name “Alliance for Good Government” by another political organization. While the name does not easily fall within one of the categories listed above because each of the words 15separately falls into a different category, we believe that when the name is considered as a whole, it is descriptive. Though ordinarily not protected, a descriptive name may become a valid, *86 protected trade name if it acquires a secondary meaning. Id.
The concept of “secondary meaning” recognizes that words with an ordinary or primary meaning of their own, may, by long use with a particular product, service or business, come to be known by the public as specifically designating that particular product, service or business, and therefore rise to the level of a fully protected trademark or trade name. The burden of proving secondary meaning is on the plaintiff, and whether a trademark or trade name has acquired secondary meaning is a factual issue. Id. Proof of secondary meaning may consist of, among other things, direct evidence such as testimony from individual consumers, surveys, proof of actual instances of confusion, or indirect evidence such as the volume of business done under the name, the length of time the designation has been in use, advertising and promotional efforts, and the conspicuousness of the designation. Id.
In the instant case, the only testimony about confusion came from State Senator Lynn Dean who also said that he would rather be endorsed by AGG than by St. Bernard AGG because the former was an older organization. We recognize, as AGG pointed out in oral argument, that AGG is constrained in presenting actual instances of confusion because at the time of the injunction hearing on September 6, 1995, the St. Bernard AGG and the St. Bernard chapter of AGG co-existed in St. Bernard parish only for a few months. Political organizations usually are active only at election time, hence it is unlikely that public confusion will be an issue when these groups are not visible.
Indirect evidence, however, consisted of testimony that AGG was incorporated in 1967 and had an active chapter in St. Bernard parish since 1987. | (Apparently AGG, as well as its St. Bernard chapter, has been soliciting candidates for its forums, making endorsements, advertising and campaigning for candidates since inception. Given the length of time that AGG has been in existence, there is obviously a great amount of name recognition and/or goodwill associated with the name “Alliance for Good Government.” Overall, the record clearly supports a finding that the use by AGG of “Alliance for Good Government” acquired a secondary meaning.
Because it is established that AGG has a protected proprietary right in its name, we must now determine whether there had been an infringement of AGG’s protected right. The Louisiana Supreme Court held that where one relies on secondary meaning to establish the distinctiveness of its name, in order to enjoin another’s use of a similar name, fraud need not be proven, but rather there need only be a likelihood of consumer confusion. Gulf Coast Bank, 652 So.2d at 1319-1320.
Actual confusion is the best evidence of likelihood of confusion. Seafood Restaurant Services, 665 So.2d at 60. Other factors which may be relevant include similarity of products, identity of retail outlets and purchasers, identity of advertising media, strength or distinctiveness of the mark or name, defendant’s intent, and similarity of design. Falcon Rice Mill, Inc. v. Community Rice Mill, Inc., 725 F.2d 336, 345 (5th Cir.1984).
As noted above, in this ease there was little testimony about actual confusion. Indeed, most of the testimony centered on explaining what caused the schism among the members of AGG. What can be discerned from the record is that members of AGG broke off from AGG in 1995 and quickly incorporated as St. Bernard AGG. At roughly the same time, AGG dissolved its St. Bernard chapter. Later, AGG apparently re-established its St. Bernard chapter so that at |7the time of the hearing in the trial court, AGG could produce a current list of its St. Bernard chapter members.
Therefore, currently the St. Bernard chapter of AGG and St. Bernard AGG are performing the same activities, in the same parish, using virtually indistinguishable names. Without a doubt, the potential for confusion exists, and indeed it may be presumed because the two organizations operate in the same geographic area.
Another relevant factor is the intent of St. Bernard AGG. Prominently using AGG’s recognizable logo, as well as the name, obviously *87 indicates that St. Bernard AGG intended to capitalize on the goodwill and/or name recognition of AGG. The trial judge, by enjoining St. Bernard AGG’s use of the logo, however, does not eliminate the likelihood of confusion among the public at election time regarding the names of these two political organizations.
Accordingly, the judgment of the trial court denying AGG’s request for a permanent injunction as to the name of defendant’s organization is reversed. AGG has proven that it has a protected proprietary interest in its name, and St. Bernard AGG has infringed upon that interest. We remand this case to the district court for further proceedings consistent with this opinion. All costs of this appeal are assessed to St. Bernard AGG.

REVERSED AND REMANDED.

. Although plaintiff identifies itself as Alliance for Good Government, Inc., its name as registered with the Secretary of State is Alliance for Good Government.