JaSHORTESS, Judge.
Vicki Wagner (plaintiff) appeals because the trial court sustained Dr. James LaNasa’s (defendant) peremptory exception of no cause of action. Plaintiff sued defendant because he allegedly discriminated against her due to her alleged medical condition, which she believes is a legally-recognized disability. Plaintiffs petition requested damages according to federal and state anti-diserimina *617 tion and civil rights laws. Defendant argued the federal and state laws cited in plaintiffs petition do not afford her a remedy and, therefore, her petition does not state a cause of action. The trial court held that neither federal nor state courts had recognized her alleged medical condition as a legally-recognized disability and, therefore, her petition did not state a cause of action. We must decide if the trial court properly sustained the no cause of action exception, dismissing her petition.
Plaintiffs petition alleges she was in an work-related accident that injured her nose and was referred to defendant for a second opinion. While defendant examined her nose, plaintiffs husband told defendant that plaintiff suffered from a condition known as Chronic Fatigue Syndrome (CFS). Thereafter, defendant allegedly became very antagonistic and asked if plaintiff had seen a psychiatrist. Her petition states defendant informed her that he had a very low opinion of patients claiming they suffered from CFS, that he felt the accident did not injure her nose, and said he would not treat her or help her with a claim against her employer.
Plaintiffs petition concludes she is entitled to damages since defendant discriminated against her solely because she claimed to have CFS. It also concludes 42 U.S.C. § 12117, a section of the Equal Opportunity for Individuals with Disabilities statute, referred to as the Americans with Disabilities Act (ADA), and Louisiana law on discrimination of disabled people, give her a legal basis to recover damages.
Before we discuss whether this petition states a cause of action, we note the trial court found CFS was not a legally-recognizable handicap or disability. This finding is problematic because whether CFS is a legally-recognized disability addresses the merits of this case. Presumably, if CFS is not a legally-recognized disability in this context, or if plaintiff did not suffer from CFS, then plaintiff is not a disabled person under the law and could not have been the subject of discrimination based on this classification.
_JjThe function of defendant’s exception of no cause of action, however, is to test the legal sufficiency of plaintiffs petition by determining whether the law affords a remedy on the facts alleged in it.[1] The court must accept the well-pleaded factual allegations as true, and any reasonable doubt about the petition’s legal sufficiency must be resolved in favor of finding a cause of action stated.[2] An exception of no cause of action must be overruled unless the petition’s allegations exclude every reasonable hypothesis other than the premise upon which the defense is based, that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings.[3]
Plaintiff alleged she suffered from CFS and that the United States Government recognized it as a disability. The trial court was required to accept this factual allegation as true, leaving the final resolution of that question for trial. It did not use the proper test when evaluating whether the petition stated a cause of action, and this was error. Therefore, we reverse the trial court’s judgment sustaining defendant’s exception of no cause of action.
We do not decide, however, if plaintiffs petition states a cause of action as initially drafted. Plaintiffs petition is problematic,[4] *618 but the trial court did not give plaintiff an opportunity to amend her petition to state a cause of action pursuant to Louisiana Code of Civil Procedure article 934. Therefore, we vacate the trial court’s judgment and remand this case to allow for proceedings consistent with this opinion.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.

. Everything on Wheels Subaru v. Subaru South, 616 So.2d 1234, 1238 (La.1993).

. Thomas v. Armstrong World Industries, 95-2222, p. 3 (La.App. 1st Cir. 6/28/96), 676 So.2d 1185, 1187, writ denied, 96-1965 (La. 11/1/96), 681 So.2d 1272.

. Seafood Restaurant Services v. Bonanno, 95-0058, p. 3 (La.App. 1st Cir. 11/9/95), 665 So.2d 56, 58.

. The petition concludes LaNasa discriminated against plaintiff solely because he learned plaintiff claimed to suffer from CFS. It does not allege LaNasa withheld further medical treatment solely because he learned plaintiff claimed to suffer from CFS. LaNasa could have withheld further treatment since he opined the accident did not injure her nose. The trial court is not required to accept conclusional statements as true. We also note Louisiana laws on Civil Rights for Handicapped Persons, Louisiana Revised Statutes 46:2251 to 46:2256, do not give this plaintiff a remedy. Section 2254 limits compensable claims to four areas: discrimination 1) in employment; 2) by any educational facility; 3) in any real estate transaction; or 4) where the handicapped person is excluded from participating in, or denied the benefits of, any program or *618 activity that receives financial assistance from the state or any of its political subdivisions.
Moreover, 42 U.S.C. § 12117, the section on enforcement cited by plaintiff, and a part of the ADA Employment subchapter I, applies to entities that "discriminate against a qualified individual with a disability because of the disability ... in regard to job application procedures, the hiring, advancement, or discharge of employees ...” and other employment contexts. 42 U.S.C. § 12112(a). This section does not apply to plaintiff because she was not defendant's employee nor was she applying for a job with defendant. ADA subchapter III, Public Accommodations and Services Operated By Private Entities, may apply to plaintiff’s situation.