864 So.2d 784 (2003)
Gina Chivleatto McCAIN d/b/a "Shoetique"
v.
DESIGNER SHOES WAREHOUSE, LLC d/b/a "Unique Shoetique" and ABC Insurance Company.
No. 03-CA-1022.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*785 Craig S. Sossaman, Joseph B. Harvin, Metairie, LA, for Appellant.
Marcus L. Giusti, Hannan, Drake & Giusti, Metairie, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
Plaintiff, Gina Chivleatto McCain, D/B/A/ "Shoetique" (McCain), appeals from the summary judgment granted in favor of Defendant, Designer Shoes Warehouse, LLC, D/B/A "Unique Shoetique" (DSW), dismissing McCain's suit for an injunction. For the reasons which follow, we vacate the judgment and remand.
McCain has done business, selling upscale and dyeable shoes, under the name of "Shoetique" since March 12, 1988. McCain registered her trade name on April 27, 1988 with the Louisiana Secretary of State and subsequently renewed that trade name ten years later on March 25, 1998. McCain has continuously operated a business under the name of "Shoetique" for over 17 years.
In June of 2001, DSW began doing business, selling women's shoes and accessories at discount prices, and advertising under the name of "Unique Shoetique." DSW registered that trade name with the Louisiana Secretary of State.
On March 28, 2002, McCain instituted these proceedings, filing a petition for a permanent injunction and monetary damages. McCain thereafter amended her petition deleting her request for monetary damages and now seeks only a permanent injunction, preventing DSW from using the name, "Shoetique."
On May 13, 2003, DSW filed a motion for summary judgment which was heard by the trial court on June 5, 2003 and taken under advisement. On July 7, 2003, the trial court granted the summary judgment and dismissed the lawsuit. It is from this judgment that McCain appeals.
*786 McCain contends that the trial court erred in granting the summary judgment because she has a protectable proprietary right in "Shoetique" and DSW has infringed on that right. McCain argues that "Shoetique" is a suggestive term and therefore should be protected. In the alternative, McCain argues that the trial court erred in granting the summary judgment because "Shoetique" is a descriptive term which has acquired a secondary meaning, giving her proprietary rights in the name, which is a factual matter not appropriate for summary judgment.
DSW argues to the contrary that the trial court was correct in granting the summary judgment because "Shoetique" is neither a suggestive nor descriptive term. DSW argues that the name is a generic term, no different from the name "Shoe Store" and, therefore, is not to be protected.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La. App 5th Cir. 04/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544; Moody v. United Nat. Ins. Co., 98-287 (La.App. 5th Cir.9/29/98), 743 So.2d 680. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith, supra; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment is appropriate. La. C.C. P. art. 966(C)(2). Foster v. Consolidated Employment Systems, Inc., 98-948 (La.App. 5th Cir.1/26/99), 726 So.2d 494.
The Supreme Court has set out the parameters of a trade name infringement claim in Gulf Coast Bank v. Gulf Coast Bank & Trust Company, 94-2203 (La.4/10/95), 652 So.2d 1306 as follows:
The primary issues in a trade name infringement case are (1) whether the party seeking the injunction has a protectable proprietary right in the name it seeks to exclude others from using, and (2) if so, whether there has been an infringement of that right. Radiofone, Inc. v. Mobile-One Sound, Inc., 628 So.2d 95 (La.App. 5th Cir.1993); Merit Indus. Constructors, Inc. v. JE Merit Constructors, Inc., 563 So.2d 1008 (La. App. 1st Cir.1990); Sadie's Inc. v. Hitchcock, 363 So.2d 1306 (La.App. 4th Cir.1978); Security Ctr., Ltd. v. First Nat'l Sec. Ctrs., 750 F.2d 1295 (5th Cir. 1985); Bank of Texas v. Commerce Southwest, Inc., 741 F.2d 785 (5th Cir. 1984); Conagra, Inc. v. Singleton, 743 F.2d 1508 (11th Cir.1984); Zatarains, Inc. v. Oak Grove Smokehouse, Inc., 698 F.2d 786 (5th Cir.1983); Vision Ctr. v. Opticks, Inc., 596 F.2d 111 (5th Cir. 1979).
* * *
In determining whether one has a protectable trade name, actual use of a *787 mark or name, or, in other words, priority of appropriation, gives rise to a protectable proprietary interest in the mark or name. New Orleans Checker Cabs, Inc. [v. Mumphrey, 205 La. 1083, 18 So.2d 629 (1944)], supra; Handy [v. Commander, 49 La.Ann. 1119, 22 So. 230 (1897)], supra; Louisiana State Optical of Jefferson Parish, Inc. v. Louisiana State Optical of Kenner, Inc., 469 So.2d 994 (La.App. 5th Cir.1985); Givens Jewelers, Inc. [v. Givens, 380 So.2d 1227 (La.App. 2d Cir. 1980)], supra; Sadie's, Inc., supra; Couhig's Pestaway Co. v. Pestaway, Inc., 278 So.2d 519 (La.App. 3rd Cir.1973); Boogie Kings [v. Guillory, 188 So.2d 445 (La.App. 3d Cir. 1966)], supra; Gallo v. Safeway Brake Shops of Louisiana, Inc., 140 So.2d 912 (La.App. 4th Cir.1962); Restatement, § 18.
* * *
Use alone, however, does not create a protectable proprietary interest; the trademark or trade name must be distinctive, either by being inherently distinctive or by having acquired distinctiveness through secondary meaning. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769, 112 S.Ct. 2753, 2758, 120 L.Ed.2d 615, 625 (1992); Security Ctr., Ltd., supra; Bank of Texas v. Commerce Southwest, Inc., 741 F.2d 785 (5th Cir.1984); Restatement § 13. See also Radiofone, Inc., supra; Merit Indus. Constructors, Inc., supra; Head v. Waggoner, 552 So.2d 599 (La.App. 2d Cir. 1989); Givens Jewelers, Inc., supra; Sadie's Inc., supra. In determining the distinctiveness of a trademark or trade name, Louisiana courts and federal courts have generally divided trademarks and trade names into four categories: (1) generic; (2) descriptive; (3) suggestive; and (4) arbitrary or fanciful. Radiofone, supra; Merit Indus. Constructors, Inc., supra; Head, supra; Security Ctr., supra; Zatarains, Inc., supra; Vision Ctr., supra; Abercrombie & Fitch Co. v. Hunting World, Inc., 537 F.2d 4 (2d Cir.1976); Restatement §§ 13-15.
A generic term is the name of a particular genus or class of which an individual article, service or business is but a member. Radiofone, 628 So.2d at 97; Merit Indus. Constructors, Inc., 563 So.2d at 1011; Zatarains, Inc., 698 F.2d at 790; Vision Ctr., 596 F.2d at 115; Restatement § 15. Generic terms are considered to be in the public domain and are not susceptible to appropriation for exclusive use and thus are not given trademark or trade name protection. Zatarains, Inc., 698 F.2d at 790; Vision Ctr., 596 F.2d at 115; Restatement § 15. A descriptive term identifies a characteristic or quality of an article, service or business. Radiofone, 628 So.2d at 97; Merit Indus. Constructors, Inc., 563 So.2d at 1011; Head, 552 So.2d at 603; Zatarains, Inc., 698 F.2d at 790; Vision Ctr., 596 F.2d at 115; Restatement § 14. Though ordinarily not protectable, a descriptive name may become a valid, protectable trade name if it acquires a secondary meaning. Radiofone, 628 So.2d at 97; Merit Indus. Constructors, Inc., 563 So.2d at 1013; Head, 552 So.2d at 603; Zatarains, Inc., 698 F.2d at 791; Vision Ctr., 596 F.2d at 115; Restatement §§ 13-14. Included in the category of descriptive terms which must have secondary meaning in order to be afforded protection as a trade name are geographic terms. Louisiana State Optical of Jefferson Parish, Inc., 469 So.2d at 997; Boston Beer Co. L.P. v. Slesar Bros. Brewing Co., 9 F.3d 175 (1st Cir. 1993); Bank of Texas v. Commerce Southwest, Inc., 741 F.2d 785 (5th Cir. 1984); Restatement § 14. A suggestive *788 term suggests, rather than describes, a characteristic of the goods, services or business and requires an effort of the imagination by the consumer in order to draw a conclusion as to the nature of the goods, services, or business. Merit Indus. Constructors, Inc., 563 So.2d at 1011; Head, 552 So.2d at 603; Zatarains, Inc., 698 F.2d at 791; Vision Ctr., 596 F.2d at 115-16. Suggestive marks or names need not acquire secondary meaning to be protected. Head, supra; Vision Ctr., 596 F.2d at 116; Zatarains, Inc., 698 F.2d at 791. Arbitrary or fanciful terms bear no relationship to the product, service or business to which it applies. Merit Indus. Constructors, Inc., 563 So.2d at 1013; Zatarains, Inc., 698 F.2d at 791; Vision Ctr., 596 F.2d at 116. Arbitrary and fanciful marks or names, like suggestive ones, are considered inherently distinctive and are accorded protection without having to prove secondary meaning. Zatarains, Inc., 698 F.2d at 791; Vision Ctr., 596 F.2d at 116.
* * *
The concept of "secondary meaning" recognizes that words with an ordinary or primary meaning of their own, may, by long use with a particular product, service or business, come to be known by the public as specifically designating that particular product, service or business, and thereby rise to the level of a fully protected trademark or trade name. Radiofone, 628 So.2d at 98; Sadie's, Inc., supra; Zatarains, Inc., 698 F.2d at 791; Vision Ctr., 596 F.2d at 118 (citing Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 118, 59 S.Ct. 109, 113, 83 L.Ed. 73 (1938)). The burden of proving secondary meaning is on the plaintiff. Radiofone, supra; Zatarains, Inc., supra; Vision Ctr., supra; Restatement § 13, comments a & e. Whether a trademark or trade name has acquired secondary meaning is a factual issue. Boston Beer Co. L.P., supra; Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033 (2d Cir.1992); In re Loew's Theatres, Inc., 769 F.2d 764 (Fed.Cir.1985); Zatarains, Inc., 698 F.2d at 794; Restatement § 13. Proof of secondary meaning may consist of, among other things, direct evidence such as testimony from individual consumers, surveys, proof of actual instances of confusion, or indirect evidence such as the volume of business done under the name, the length of time the designation has been in use, advertising and promotional efforts, and the conspicuousness of the designation. See e.g. Boston Beer Co. L.P., supra; Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 292 (3d Cir.1991); Restatement, § 13, comment e.
Applying these precepts to the case before us, we look to the name itself, "Shoetique." As argued by DSW, the name appears to be the combination of the two words "shoe" and "boutique." While each of these two words, if used, would be generic, denoting nothing more that a product and a business, we do not find that the use of parts of the words in the particular combination as used herein result in a generic term. In fact, looking to Webster's New Collegiate Dictionary, we find that the word "shoetique" is not a word at all. However, we also do not find the name to be a "suggestive" one, as argued by McCain. Rather, we find that the name "Shoetique" is a creative combination of words which forms a descriptive name and a secondary meaning. As held in Gulf Coast Bank, supra., the determination of whether a name has taken on a secondary meaning is a factual one.
In the instant case both parties have presented evidence addressing *789 whether "Shoetique" has acquired a secondary meaning making it distinctive such that McCain has a protectable proprietary interest in the name. McCain points out that she has used the name for her businesses for 17 years and has expended a great deal over the years in advertising and promotion of her businesses under that name. McCain filed an affidavit in opposition to the motion for summary judgment stating that she had received numerous phone calls from confused parties, including her past customers, who were dissatisfied with their products from the other store. McCain provided some names of customers in her answers to interrogatories. Finally, McCain points out that although DSW provided information about other business as using the "Shoetique" name, none were from this state. The name in this area is unique to her business. DSW countered with information about the small volume of McCain's business last year and the fact that the two stores sell different kinds of shoes. DSW also noted that McCain did not produce information concerning the amount of money spent this year on advertising her business. DSW has pointed out that McCain does not presently use the name alone but rather has a conjoined business with a children's clothing store, "The Lollipop Shoppe" and answers the phone by saying, "The Lollipop Shoppe/Shoetique." As stated above, the question of whether a descriptive name has taken on a secondary meaning and therefore acquires a protectable proprietary character is a question of fact which was, in this case, hotly disputed. Questions of fact are not properly determined by summary judgment.
Accordingly, we find that because there are material facts at issue in this case, the trial court erred in granting the summary judgment in favor of DSW and we vacate the judgment. The case is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of appeal are assessed against DSW.
JUDGMENT VACATED; CASE REMANDED.